Thomas J. Nolan (SBN 48413)
Shira Kieval (SBN 269409)
Nolan, Armstrong & Barton, LLP
600 University Avenue
Palo Alto, Ca. 94301
Tel.  (650) 326-2980
Fax (650) 326-9704
Counsel for Defendant Melvin Shields

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MELVIN SHIELDS, ET AL.,<br><br>　　　　　Defendant. | Case No. CR 12-00410 RMW/PSG<br><br>**APPLICATION TO MODIFY CONDITIONS OF PRETRIAL RELEASE TO PERMIT MELVIN SHIELDS TO TRAVEL TO THE EASTERN DISTRICT OF NORTH CAROLINA VIA THE MIDDLE DISTRICT OF NORTH CAROLINA; DECLARATION OF SHIRA KIEVAL; [PROPOSED] ORDER** |

　　　　Melvin Shields, by and through counsel, hereby requests that the Court modify his conditions of pretrial release to permit him to travel to the Eastern District of North Carolina via the Middle District of North Carolina, from August 10, 2013 through August 18, 2013.  The reason for this request is that Mr. Shields's father is ill and essentially bedridden and cannot visit Mr. Shields.  Additionally, Mr. Shields would visit his son, who attends community college in the same area and is living in the Eastern District of North Carolina this summer while taking classes necessary for graduation.

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

Dated: July 25, 2013　　　　　　　　　　　/s
　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Thomas J. Nolan
　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant Melvin Shields

1

APP. TO MODIFY CONDITIONS OF PRETRIAL RELEASE; DECLARATION; [PROPOSED] ORDER; CR 12-00410

I, Shira Kieval, declare the following:

1. I am an attorney licensed to practice in the State of California and the United States District Court, Northern District of California.

2. Thomas J. Nolan, senior partner at the firm of Nolan, Armstrong, and Barton, LLP, in Palo Alto, California, is counsel of record in this case, appointed pursuant to the Criminal Justice Act. I have been approved to assist Mr. Nolan with this case.

3. Mr. Shields is charged with a violation of 18 U.S.C. §1349, conspiracy to commit wire, mail, and bank fraud, violations of 18 U.S.C. §1343 & §2, wire fraud and aiding and abetting, 18 U.S.C. §1341 & §2, mail fraud and aiding and abetting, 18 U.S.C. §1344 & §2, bank fraud and aiding and abetting, 18 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. §§ 240.10b-5, and 18 U.S.C. §2, securities fraud and aiding and abetting, and 18 U.S.C. §98(a)(1)(C) & §2461(C), forfeiture of proceeds of specified unlawful activity.

4. Mr. Shields lives in Caldwell County, North Carolina, which is located in the Northern District of North Carolina.

5. Mr. Shields was released on May 30, 2012 by Judge David Keesler of the Northern District of North Carolina.

6. A condition of Mr. Shields' release is that he is not to travel outside the Northern District of North Carolina.

7. A condition of Mr. Shields' release, pursuant to an order of this Court on July 25, 2012, is that Mr. Shields is subject to a daily curfew that is electronically monitored by Pretrial Services.

8. Mr. Shields is currently supervised by Pretrial Services Officer in the Northern District of California, Kim Do and North Carolina Probation Officer Gerald Patton.

9. I am informed and believe that Mr. Shields's father is ill and essentially bedridden. He is a 62 year old Vietnam Veteran on total disability. He is not able to visit Mr. Shields.

10. I am informed and believe that the elder Mr. Shields resides in Newport, North Carolina, which is located in the Eastern District of North Carolina. Mr. Shields has not seen his

2
APP. TO MODIFY CONDITIONS OF PRETRIAL RELEASE; DECLARATION; [PROPOSED] ORDER; CR 12-00410

1 father since February, when he was last permitted to travel to the Eastern District of North
2 Carolina.
3     11.    I am informed and believe that Mr. Shields's son attends community college in
4 Moorhead City, North Carolina.  Mr. Shields's son resides with his grandfather (Mr. Shields's
5 father) in Newport, North Carolina.  Mr. Shields's son has remained in the Eastern District of
6 North Carolina this summer in order to take summer classes that will enable him to graduate this
7 coming spring.
8     12.    I am informed that, if given permission, Mr. Shields would travel to Newport by
9 car.  The approximate drive time is 5 hours and 15 minutes, and includes travel through the
10 Middle District of North Carolina.
11     13.    On July 17, 2013, I spoke with Officer Do.  She explained that Mr. Shields has
12 been compliant, and that Pretrial Services has requested that the condition of electronic monitoring
13 be removed.  However, because Mr. Shields is still subject to electronic monitoring, then it is
14 Pretrial Services policy that she cannot support a request for overnight travel, because the
15 overnight travel cannot be monitored.
16     14.    On July 24, 2013, I spoke with Officer Patton.  He explained that, due to office
17 policy, and because Mr. Shields is still subject to electronic monitoring, he cannot support this
18 travel request.  If an Order grants Mr. Shields permission to travel, he asks that Mr. Shields not
19 remove his electronic monitoring device, due to the logistical issues involved in replacing the
20 device.
21     15.    On July 17, 2013, I spoke with the Assistant U.S. Attorney assigned to this case,
22 Joseph Fazioli, about his position regarding this travel request.  Mr. Fazioli defers to Pretrial.
23     16.    In February 2013, Mr. Shields was permitted to travel through the Middle District
24 of North Carolina to the Eastern District of North Carolina in order to visit his father and son.  On
25 information and belief, he did so without incident.  He was not subject to electronic monitoring
26 during this trip.
27
28

APP. TO MODIFY CONDITIONS OF PRETRIAL RELEASE; DECLARATION; [PROPOSED] ORDER; CR 12-00410

17. In June 2013, Mr. Shields was permitted to fly to the Northern District of California in order to meet with counsel. On information and belief, he did so without incident. He was not subject to electronic monitoring during this trip.

18. The only Form 8 filed in this case was filed on February 13, 2013, in anticipation of a February 14 hearing regarding the removal of the location monitoring condition. Pretrial Services did not oppose removal of the location monitoring condition at that hearing.

I declare under penalty of perjury that the foregoing is true and correct except for those matters stated on information and belief and as to those matters I am informed and believe them to be true. Executed this 25th day of July, 2013 at Palo Alto, California.

/s/
_____
Shira Kieval
Attorney for Defendant Melvin Shields

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>RUSTY SHIELDS, ET AL.,<br><br>    Defendant. | Case No. CR 12-00410<br><br>**[PROPOSED] ORDER TO MODIFY CONDITIONS OF PRETRIAL RELEASE TO PERMIT MELVIN SHIELDS TO TRAVEL TO THE EASTERN DISTRICT OF NORTH CAROLINA VIA THE MIDDLE DISTRICT OF NORTH CAROLINA** |

GOOD CAUSE APPEARING,

IT IS HEREBY ORDERED that Defendant Rusty Shields' conditions of pretrial release shall be modified to permit him to travel to the Eastern District of North Carolina via the Middle District of North Carolina from August 10, 2013 to August 18, 2013.

Dated: _____

The Hon. Paul S. Grewal
Magistrate Judge of the U.S. District Court