**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>    v.<br><br>MELVIN RUSSELL "RUSTY" SHIELDS, MICHAEL SIMS and SAM STAFFORD,<br><br>        Defendants. | No. CR12-00410<br><br>ORDERS ON SHIELDS' MOTION FOR RELEASE PENDING APPEAL AND ON EX PARTE MOTION PERMITTING WITHDRAWAL OF INADVERTENTLY FILED DOCUMENTS<br><br>[Docket Nos. 366-369] |

Defendant Melvin "Rusty" Shields has moved for release pending appeal. He has also made an ex parte request to withdraw the filing of documents which were originally intended to be his motion for release on appeal but inadvertently incorporated language from an unrelated file. Shield's ex parte motion to withdraw the inadvertently filed papers (Dckt. Nos. 366-367) is granted to the extent that the court will treat only docket number 368 as Shield's motion for release on appeal ("2nd Motion for Bond on Appeal"). The government has filed an opposition to the motion for release on appeal. The court held a hearing on February 23, 2015 and ruled from the bench denying the motion for release on appeal.

ORDERS ON SHIELDS' MOTION FOR RELEASE PENDING APPEAL AND ON EX PARTE
MOTION PERMITTING WITHDRAWAL OF INADVERTENTLY FILED DOCUMENTS
CR-12-00410

## I. BACKGROUND

On November 17, 2014, Shields was sentenced to seventy-eight months in prison, to be followed by a three year term of supervised release. (Dckt. # 340). He was originally ordered to self-surrender by January 13, 2015 but was subsequently granted an extension to February 13, 2015. (Dckt. # 362). On January 20, 2015 Shields filed his motion for release on bond pending appeal. It was heard and denied on February 23, 2015. The court now briefly states in writing its reasons for denial.

## II. ANALYSIS

### A. Requirements for Release on Appeal Following Conviction

Since Shields has been convicted and sentenced, the court is required to order him detained despite the fact that he has filed an appeal, unless he can demonstrate: (1) by clear and convincing evidence that he, if released, is "not likely to flee or pose a danger to the safety of any other person or the community" (18 U.S.C. § 3143(b)(1)(A)); and (2) that "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in: (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B). In the present case, the court does not reach the flight or danger issues as Shields has not raised a substantial appellate issue in his motion.

### B. Substantial Question of Law or Fact Likely to Result in Reversal

In order to obtain bail pending appeal, Shields must demonstrate that his appeal raises a substantial issue of law or fact that is likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b); *United States v. Wheeler*, 795 F.2d 839, 840 (9th Cir. 1986). Two distinct questions must be answered: (1) whether the appellate issues raised by the defendant are "substantial" and (2) whether those issues are "likely to result in reversal." *United States v. Handy*, 761 F.2d 1279, 1280-81 (9th Cir. 1985). "[T]he word 'substantial' defines the level of merit required

in the question raised on appeal, while the phrase 'likely to result in reversal' defines the type of question that must be presented." *Id.* A "substantial question" is one that is "fairly debatable," and "[l]ikely to result" in reversal means that "if the substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal or an order for a new trial." *Id.* The burden is on the defendant to overcome the presumption that he should be detained while his appeal is pending. *See United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

### C. Lack of Substantial Issue Justifying Release

Shields was found guilty of thirty-two of the thirty-nine counts of the Superseding Indictment. These counts involved conspiracy to commit wire and bank fraud, wire fraud, making false statements to a bank, and securities fraud. He made unsuccessful motions for acquittal on many of the counts but made no motion with respect to Counts 22-26 and 31-33. His motion for release on appeal incorporates by reference the motions for acquittal but contains no argument as to why the rulings on those motions were not correct save what he argued in his motions when they were filed. He also makes no argument as to why he would be entitled to release if all his acquittal motions were deemed to raise "fairly debatable" issues. He would still be saddled by his convictions on the unchallenged counts unless his newly made severance argument was considered substantial.

The new argument made by Shields is that his case should have been severed from that against Sims. He, however, made no severance motion.[1] Therefore, he must show plain error in order to prevail on appeal. *United States v. Flyer,* 633 F.3d 911, 917 (9th Cir. 2011). Shields argues that he and Sims had "mutually exclusive defenses which requir[ed] severance at trial." Dckt. # 368 at 6-11. The court does not believe that Shields and Sims had antagonistic defenses entitling them to separate trials. To be entitled to severance, the joinder must be manifestly prejudicial. *See United States v. Pitner*, 307 F.3d 1178,1181 (9th Cir. 2002). Here, Shields had the opportunity to cross-examine Sims and although Sims' position was not totally consistent with his, it was not so prejudicial to Shields as is required for severance. Rule 8(b) of the Federal Rules of Criminal Procedure allows defendants who are alleged to have participated in the same acts or transactions to

---

[1] The docket reflects no such motion by Shields and to the court's recollection none was made.

be charged in the same indictment. The jury was expressly instructed that each count had to be separately determined as to each defendant. There is no "fairly debatable" issue that Shields was entitled to severance.

### III. ORDER

The showing made in Shields' motion for release pending appeal does not persuade the court that Shields presents a "fairly debatable" issue justifying release on bail pending appeal. Therefore, his motion for release is denied.

Dated: February 25, 2015



RONALD M. WHYTE
United States District Judge