**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

MELVIN RUSSELL "RUSTY" SHIELDS,

Defendant.

Case No. 12-cr-00410-RMW-1

**ORDER DENYING DEFENDANT'S LETTER REQUEST FOR MODIFICATION OF SENTENCE**

[Re: ECF 459]

Defendant Melvin Russell "Rusty" Shields has submitted a letter request asking that the Court modify his sentence, a seventy-eight month term of imprisonment, to permit him to care for his minor child who has special medical needs. Letter Request, ECF 459. A jury convicted Shields of thirty-two counts, including conspiracy, wire fraud, bank fraud, securities fraud, and making false statements to a bank. Verdict Form, ECF 266. The judge who presided over the trial, Judge Ronald M. Whyte, sentenced Shields to a seventy-eight month term of imprisonment, a five year term of supervised release, a special assessment of $3,200, and a restitution payment in the amount of $7,222,905.03. Judgment, ECF 350. Shield's letter, which is addressed to Judge Whyte, has been referred to the undersigned judge as a General Duty matter because Judge Whyte has retired.

Shields states that the basis for his request is the increasing frequency and violence of epileptic seizures suffered by his thirteen year old daughter, L.S. Letter, ECF 549. During one such seizure on June 11, 2017 – L.S.'s birthday – she fell and suffered dislocation of her jaw, a broken jaw in five places, and loss of three teeth. *Id.* Shields indicates that his wife cannot both work a full-time job and provide their daughter with the constant supervision she requires as a

result of her increasing seizures. *Id.* He states that he has attempted to obtain compassionate release from the Bureau of Prisons, but he has been informed that he is ineligible for such relief. *Id.* Shields requests this Court's "consideration on a solution, to modify my sentence, to allow me to at the least finish the remainder of my sentence on home confinement . . . to allow me to care for my 13 year old daughters [sic] additional needs." *Id.* He argues that the Court may consider his request pursuant to "Amendment 799" to United States Sentencing Guideline 1B1.13. *Id.*

The Court lacks authority to grant the relief that Shields seeks. The referenced amendment modified U.S.S.G. § 1B1.13, which is a policy statement regarding application of 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A), which is subtitled "Modification of an imposed term of imprisonment," provides in relevant part that "the court, *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). The Guideline amendment referenced by Shields, which became effective November 1, 2016, "broadened the eligibility criteria for compassionate release" and "encourages the Bureau of Prisons to file motions for compassionate release more frequently in the future than it has in the past." *United States v. Dimasi*, 220 F. Supp. 3d 173, 182-83 (D. Mass. 2016). However, the Guideline amendment did not dispense with the requirement that the Bureau of Prisons must make a motion before a court may consider a reduction in the term of imprisonment. *See United States v. Parish*, No. CR 14-166, 2016 WL 7441142, at *1 (E.D. La. Dec. 27, 2016) ("According to 18 U.S.C. § 3852(c)(1)(A), the Court may not modify a term of imprisonment once it has been imposed unless it receives a motion from the Director of the Bureau of Prisons."). Rather, "the Sentencing Commission has encouraged the Bureau of Prisons to be more liberal in creating opportunities for judges to consider whether compassionate release is justified, and reminded judges of their statutory obligation to consider the applicable § 3553(a) factors and the Commission's guidance in making such decisions." *Dimasi*, 220 F. Supp. 3d at 183. Consequently, to the extent that Shields seeks a reduction of his sentence, this Court may not consider such request because no motion has been brought by the Director of the Bureau of Prisons.

To the extent that Shields does not seek a reduction of his sentence, but requests that he be permitted to serve the remainder of his sentence in home confinement, that request properly is directed to the Bureau of Prisons and not to this Court. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."); *Parish*, 2016 WL 7441142, at *1 ("[T]he Bureau of Prisons, not this Court, must determine if Parish should serve the remainder of her sentence in home confinement.").

Accordingly, Defendant Shields' letter request for modification of his sentence is DENIED.

**IT IS SO ORDERED.**

Dated: June 21, 2017

_____
BETH LABSON FREEMAN
United States District Judge