**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>    v.<br>MELVIN RUSSELL "RUSTY" SHIELDS,<br>        Defendant. | Case No. 12-cr-00410-BLF-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>[Re: ECF 472] |

Defendant Melvin Russell "Rusty" Shields is a federal prisoner serving a seventy-eight month term of imprisonment following his conviction on thirty-two counts, including conspiracy, wire fraud, bank fraud, securities fraud, and making false statements to a bank. Judgment, ECF 350. His expected release date is September 28, 2020. Def. Motion for Recon., Exh. B, ECF 472.

On July 14, 2017, Shields filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") and an Emergency Motion for Immediate Release from prison ("Motion for Release"). Def. § 2255 Motion, ECF 462; Def. Motion for Release, ECF 463. The Court set a briefing schedule on Shields' § 2255 Motion and denied his Motion for Release. Order Setting Briefing, ECF 466; Order Denying Motion for Release, ECF 467. With respect to the Motion for Release, the Court indicated that it lacked authority to grant Shields the relief he requested, that is, outright release from prison or service of the remainder of his sentence on home confinement. Order Denying Motion for Release at 3, ECF 467. The Court stated that it might have authority to grant bail pending resolution of Shields' § 2255 Motion, citing *United States v. McCandless*, 841 F.3d 819 (9th Cir. 2016), but it concluded that Shields had not demonstrated that his is an extraordinary case as required under *McCandless*. Order Denying Motion for Release at 2-3, ECF 467. The Court therefore denied the Motion for Release. *Id.* at 3.

Shields seeks reconsideration of the denial of his Motion for Release. Def. Motion for Recon., ECF 472. The motion for reconsideration is DENIED for the reasons discussed below.

While the Federal Rules of Criminal Procedure do not expressly address motions for reconsideration, courts in this district and elsewhere permit such motions and apply the rules that govern equivalent motions in civil proceedings. *See, e.g., United States v. Feathers*, No. 14-CR-00531-LHK-1, 2017 WL 783947, at *2 (N.D. Cal. Mar. 1, 2017) ("[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings."); *see also United States v. Cohen*, No. No. 2:17-cr-00114-APG-CWH, 2017 WL 3191507, at *3 (D. Nev. July 27, 2017) (collecting cases). "In ruling on motions for reconsideration in criminal cases, courts have relied on the standards governing Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure." *Feathers*, 2017 WL 783947, at *2. Federal Rule of Civil Procedure 59(e), governing motions to alter or amend judgment, is inapplicable here. The Court therefore evaluates Shields' motion under Federal Rule of Civil Procedure 60(b).

Under Rule 60(b), a court may grant relief "from a final judgment, order, or proceeding for the following reasons": (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

Shields' motion does not fit within any of the first five categories of relief under Rule 60(b). The Court thus considers whether he has established grounds for relief under the sixth category. "Rule 60(b)(6), which is the catchall provision of Rule 60 that allows a court to grant reconsideration in an effort to prevent manifest injustice, can only be utilized in extraordinary circumstances." *Perez v. State Farm Mut. Auto. Ins. Co.*, 291 F.R.D. 425, 430 (N.D. Cal. 2013) (internal quotation marks and citation omitted). Shields has not shown that reconsideration is necessary to prevent a manifest injustice, or that this case involves extraordinary circumstances. He simply disputes the Court's determinations that he has not demonstrated a high probability of success or special circumstances warranting release on bail under *McCandless*. Def. Motion for Recon., ECF 472. Shields attempts to persuade the Court to take a different view by providing additional argument regarding the substance of his claims for relief under § 2255 and additional medical records documenting his daughter's epilepsy, injuries, and medical procedures. He also

lists a number of circumstances in his life that he views as unfair, including the sentencing disparity between himself and his co-defendants, the prison Warden's refusal to grant him compassionate leave, and the difficulties he is encountering in litigating his § 2255 Motion from prison. *Id.* He concludes his motion for reconsideration by asserting that granting his request for bail "will clearly remedy the extreme prejudice and negative bias against Petitioner and create a level playing field for the disposition of the 2255 Motion." *Id.* at 3.

Shields' motion for reconsideration clearly expresses his deep concern for his daughter and his frustration at other circumstances in his life. However, he has not demonstrated the existence of extraordinary circumstances or the potential for manifest injustice necessary to warrant relief under Rule 60(b).

Shields' motion for reconsideration is DENIED.

Shields is reminded that all briefs filed in this Court must be prepared in 12-point type and double spaced. *See* Civ. L.R. 3-4(c)(2).

**IT IS SO ORDERED.**

Dated: September 5, 2017

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge