UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MELVIN RUSSELL "RUSTY" SHIELDS,<br><br>　　　　　Defendant. | Case No. 12-cr-00410-BLF-1<br><br>**ORDER GRANTING GOVERNMENT'S MOTION FOR LIMITED WAIVER OF DEFENDANT'S ATTORNEY-CLIENT PRIVILEGE; AND EXTENDING GOVERNMENT'S DEADLINE TO RESPOND TO DEFENDANT'S § 2255 MOTION**<br><br>[Re: ECF 468] |

Defendant Melvin Russell "Rusty" Shields has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 which contains two claims for relief based on alleged ineffective assistance of trial counsel. Def. 2255 Motion, ECF 462. In response to the Court's order directing it to respond, the Government filed a motion seeking a waiver of Shields' attorney-client privilege. Gov't Motion, ECF 468. The Government asserts that it cannot respond to Shields' claims of ineffective assistance of counsel without discussing the issues raised therein with Shields' trial counsel, Thomas P. Nolan, Jr. and Shira D. Kieval. *Id.*

On August 8, 2017, the Court issued an order confirming that if Shields wishes to pursue his claims of ineffective assistance of counsel, he must waive the attorney-client privilege with respect to communications between himself and his counsel. Order Directing Defendant to File Statement of Election, ECF 470. The Court directed Defendant to file a Statement of Election indicating whether he elects to waive the attorney-client privilege or abandon his claims of ineffective assistance of counsel. *Id.*

Shields has filed a Statement of Election stating that he "acknowledges that he is knowingly and voluntarily electing to waive the attorney-client privilege on a limited basis," but objecting to what he characterizes as the "blanket waiver" requested by the Government. Statement of Election, ECF 473. Shields asks that the Court determine the scope of his waiver of the attorney-client privilege on a request-by-request basis after requiring the Government to file a motion for discovery setting forth in detail what information it seeks from Shields' trial counsel. He also requests that he be permitted to review all documents produced by his trial counsel before production to the Government; that all interviews between his trial counsel and the Government be recorded and transcripts provided to him; and that he attend all interviews between his trial counsel and the Government via teleconference or video call.

While Shields does cite one out-of-district case in which the presiding magistrate judge determined in similar circumstances that the scope of the waiver should be decided in the context of specific requests for discovery, *see United States v. Kalfsbeek*, No. 05-cr-0128 LKK AC, 2013 WL 129409 (E.D. Cal. Jan. 9, 2013), he does not cite (and the Court has not discovered) any authority for the proposition that Shields is entitled to the type of oversight he requests. Moreover, the time-consuming discovery process which Shields envisions is completely at odds with his "strong objection to any delay or extension of time" in the briefing of his § 2255 Motion. Statement of Election at 2, ECF 473 In fact, Shields asks that the Government be required to respond to his § 2255 Motion before obtaining discovery from his trial counsel. *Id.* That request is unreasonable, as the Government cannot evaluate the merits of Shields' ineffective assistance claims without discussing the substance of those claims with trial counsel.

Consistent with the practice of other courts in this district, the Court concludes that it is appropriate to grant the Government's motion for waiver of Shields' attorney-client privilege at this time while expressly limiting that waiver to the issues raised by Shields' claims of ineffective assistance of counsel. *See, e.g., United States v. Gomez*, No. 13-CR-00282-PJH, 2016 WL 1275569 (N.D. Cal. Apr. 1, 2016). The Court further concludes that it is appropriate to grant the Government a modest extension of its deadline for filing opposition to Shields' § 2255 Motion so that any information obtained from Shields' trial counsel may be incorporated into the opposition.

Accordingly, IT IS HEREBY ORDERED that:

(1) The Government's motion for waiver of Shields' attorney-client privilege is GRANTED on the basis that Shields has WAIVED the attorney-client privilege with respect to privileged attorney-client communications between himself and his trial counsel to the extent those communications relate to Shields' claims of ineffective assistance of counsel set forth in his § 2255 Motion;

(2) Pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings, the Court finds good cause for the Government to conduct discovery of privileged attorney-client communications between Shields and his trial counsel, as limited herein;

(3) The Government is granted leave to inquire of and obtain declarations from Shields' trial counsel, Thomas P. Nolan, Jr. and Shira D. Kieval, regarding the Shields' claims for ineffective assistance of counsel;

(4) The Government is precluded from using any privileged attorney-client material thereby obtained for any purpose other than litigating Shields' § 2255 Motion;

(5) The Government may not disclose privileged attorney-client material to any persons other than representatives of the United States Attorney's Office or law enforcement agents who are assisting with litigation of Shields' § 2255 Motion; and

(6) The deadline for Government's response to Shields' § 2255 is extended from September 22, 2017 to October 31, 2017.

Dated: September 5, 2017

_____
BETH LABSON FREEMAN
United States District Judge