**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> MELVIN RUSSELL "RUSTY" SHIELDS, <br> Defendant. | Case No. 12-cr-00410-BLF-1 <br><br> **ORDER DENYING DEFENDANT SHIELDS' MOTION TO QUASH SUBPOENAS AND LIMIT DEFENSE COUNSEL NOLAN'S PRODUCTION; AND GRANTING UNITED STATES' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT SHIELDS' MOTION UNDER 28 U.S.C. § 2255** <br><br> [Re: ECF 490, 493] |

On February 23, 2018, the United States filed a motion to enlarge its time to respond to Defendant Melvin Russell "Rusty" Shields' motion under 28 U.S.C. § 2255 from February 28, 2018 to May 30, 2018. *See* Motion to Enlarge, ECF 490. The Court granted the motion in part on February 28, 2018, extending the United States' response deadline by 30 days to March 30, 2018 pending a response to the motion to enlarge from Mr. Shields. *See* Order, ECF 492. The Court set a deadline of March 15, 2018 for Mr. Shields' response.

On March 9, 2018, Mr. Shields filed a document which opposed the United States' motion to enlarge time and sought to quash subpoenas issued by the United States to Mr. Shields' prior counsel. With respect to trial counsel Shira Kieval and appellate counsel Erick Guzman, Mr. Shields asserted that the subpoenas were outside the scope of his attorney-client waiver because he had not asserted any claims against Ms. Kieval or Mr. Guzman for ineffective assistance of counsel. With respond to Mr. Nolan, Mr. Shields requested that the Court limited the subpoena to information Mr. Nolan already has produced.

The United States filed opposition to Mr. Shields' motion to quash subpoenas, asserting

that the motion is untimely and unsupported by the record. Mr. Shields waited more than 3 months after learning of the subpoenas to Mr. Nolan and Ms. Kieval, and more than 2 months after learning of the subpoena to Mr. Guzman, before filing his motion to quash. Moreover, the United States points out that the Court granted a waiver of the attorney-client privilege as to "the issues" raised by Mr. Shields' ineffective assistance claims. The United States contends that numerous boxes of documents relevant to Mr. Shields' ineffective assistance claims against Mr. Nolan were sent from Mr. Nolan to Mr. Guzman. The United States also contends that because Ms. Kieval and Mr. Nolan were co-counsel in defending Mr. Shields at trial, Ms. Kieval's trial work is relevant to evaluating the asserted deficiencies in Mr. Shields' trial representation. Finally, with respect Mr. Shields' request to limit Mr. Nolan's production to documents already turned over, the United States represents that Mr. Nolan has agreed to supplement his prior production with several additional categories of responsive documents.

Mr. Shields' motion to quash subpoenas is DENIED. It appears that the United States is limiting its efforts to documents relevant to Mr. Shields' ineffective assistance claims. The fact that some responsive documents may be in the possession of Ms. Kieval and Mr. Guzman does not shield the documents from production, nor does the fact that Mr. Nolan initially produced only a few documents.

Given the Court's denial of Mr. Shields' motion to quash, the United States' ongoing efforts to obtain documents relevant to Mr. Shields' ineffective assistance claims against Mr. Nolan, and the recent substitution of the United States' counsel, the Court concludes that the United States' motion for enlargement of time to and including May 30, 2018 is reasonable. Accordingly, the motion for enlargement of time is GRANTED.

The United States is advised that no further extensions of time to respond to Mr. Shields' § 2255 motion will be granted absent extraordinary circumstances.

**IT IS SO ORDERED.**

Dated: March 13, 2018

_____
BETH LABSON FREEMAN
United States District Judge