**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>MELVIN RUSSELL "RUSTY" SHIELDS,<br>　　　　Defendant. | Case No. 12-cr-00410-BLF-1<br><br>**ORDER DENYING MOTION TO CLARIFY; AND DENYING EMERGENCY MOTION FOR JUDICIAL RECOMMENDATIONS**<br><br>[Re: ECF 491, 499] |

This order addresses two motions filed by Defendant Melvin Russell "Rusty" Shields, a federal prisoner serving a seventy-eight month term of imprisonment: a Motion to Clarify (ECF 491), and an Emergency Motion for Judicial Recommendations (ECF 499).

For the reasons discussed below, both motions are DENIED.

**I.  BACKGROUND**

A jury convicted Shields of thirty-two counts, including conspiracy, wire fraud, bank fraud, securities fraud, and making false statements to a bank. Verdict Form, ECF 266. Judge Ronald M. Whyte, then assigned to the case, sentenced Shields to a seventy-eight month term of imprisonment, a five year term of supervised release, a special assessment of $3,200, and a restitution payment in the amount of $7,222,905.03. Judgment, ECF 350. Shields currently is incarcerated, and based on documents which he has submitted to the Court, it appears that his projected release date is September 28, 2020. Emergency Motion at 3, ECF 499.

Following Judge Whyte's retirement, the case was reassigned to the undersigned judge. Order Reassigning Case, ECF 461. Shields has filed a Motion to Vacate, Set Aside, or Correct

Sentence pursuant to 28 U.S.C. § 2255. § 2255 Motion, ECF 462. The Government has filed a response, which was served on Shields by mail on May 31, 2018. COS, ECF 498. Under the briefing schedule set by the Court, Shield's reply is due within 30 days after service of the Government's response. Order, ECF 478. That 30-day period is extended by 3 days because Shields was served with the response by mail. *See* Fed. R. Civ. P. 6(d). Accordingly, Shields' reply must be filed by July 3, 2018.

Shields' current motions do not relate directly to his § 2255 motion, but rather to Shields' efforts to obtain early release and/or transfer of his placement to enable him to care for his minor daughter, who suffers from epileptic seizures. The Court recognizes Mr. Shields' deep and long-standing devotion to his daughter and his significant concern about her current well-being. However, his motions are denied for the reasons discussed below.

## II. MOTION TO CLARIFY

Pursuant to 18 U.S.C. § 3582(c)(1)(A), "the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment" if the court finds that "extraordinary and compelling reasons warrant such a reduction." The Bureau of Prisons ("BOP") has indicated in its Program Statement 5050.49 that it will file a motion for reduction in sentence or compassionate release – it uses the terms interchangeably – only "in particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." https://www.bop.gov/policy/progstat/5050_049_CN-1.pdf (last accessed 6/6/2018).

In June 2017, Shields filed a letter with the Court stating that BOP Program Statement 5050.49 was outdated and requesting the Court's aid in obtaining a modification of his sentence so that he could care for his daughter, who suffers from epilepsy. Letter Request, ECF 459. The Court denied Shields' request on the basis that it was without authority to grant the relief sought. Order Denying Defendant's Letter Request for Modification of Sentence, ECF 460. The Court explained that to the extent Shields was requesting a reduction in sentence, the Court lacks authority to consider such request absent a motion by the BOP, and to the extent Shields was requesting that he be permitted to serve the remainder of his sentence on home confinement, such request properly is directed to the BOP. *Id.*

Shields asked the BOP to file a motion for reduction in sentence/compassionate release on his behalf, and the BOP denied that request in a memorandum dated August 4, 2017. Memo., Exh. to Motion to Clarify, ECF 491. The BOP's memorandum states that pursuant to Program Statement 5050.49, an inmate may be considered for reduction in sentence or compassionate release under 18 U.S.C. § 3582(c)(1)(A) only upon a showing of extraordinary or compelling circumstances not reasonably foreseeable by the sentencing court. *Id.* The BOP determined that the basis for Shields' request – his daughter's epilepsy condition – did not qualify because it was known to the court at the time of sentencing. *Id.*

In his current Motion to Clarify, Shields asks this Court to weigh in on the BOP's determination of what constitutes extraordinary or compelling circumstances warranting the filing of a motion for reduction in sentence. Specifically, Shields asks the Court for a determination that his daughter's epilepsy condition has worsened to such a degree that it is, in effect, a new and different condition which was not foreseeable at the time of sentencing. Shields has cited no authority for the proposition that this Court has any sort of role in the BOP's decision whether to file a motion for reduction in sentence. Certainly nothing in § 3582(c)(1)(A) or in BOP Program Statement 5050.49 contemplates the Court's participation in the BOP's discretionary decision-making process.

Accordingly, Shields' Motion to Clarify is DENIED.

**III. EMERGENCY MOTION FOR JUDICIAL RECOMMENDATIONS**

Shields also has filed an Emergency Motion for Judicial Recommendations, requesting that the Court recommend the following to the BOP: (1) that Shields be placed in a halfway house closest to his release address; (2) that Shields be allowed "to furlough from camp to camp transfer as is encouraged by BOP program statement 5280.09, from his current location at USP Atlanta to the Butner Camp which is the closest to his release address"; (3) that Shields be allowed "Legal furlough" if and when ordered to San Jose, California for hearings on his pending § 2255 motion; and (4) that Shields be placed at a halfway house closest to the Court during the time of the hearings on his § 2255 motion. Emergency Motion for Judicial Recommendations, ECF 499.

**A. Placement**

Requests (1) and (4) seek recommendations from this Court regarding Shields' placement. Pursuant to 18 U.S.C. § 3621, "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). In making that determination, the BOP considers a number of factors, including "any statement by the court that imposed the sentence." 18 U.S.C. § 3621(b)(4). The sentencing court has discretion to make recommendations regarding an inmate's placement post-sentencing, although any such judicial recommendation is not binding on the BOP. *United States v. Costa*, No. 1:11-CR-0026-LJO-SAB, 2018 WL 1418352, at *1 (E.D. Cal. Mar. 22, 2018). However, the court need not make a recommendation when asked to do so by the inmate, but instead may defer to the BOP's institutional expertise. *United States v. Medina*, No. CR 13-112-BLG-SPW, 2017 WL 5505795, at *1 (D. Mont. Nov. 16, 2017) ("The Court will defer to the Bureau and will not make a recommendation one way or the other.").

Shields asks this Court to recommend: placement in a halfway house closest to Shields' release address, and placement in a halfway house closest to the Court if hearings are set regarding his § 2255 motion. The Court declines to make a recommendation with respect to Shields' placement. The Court has reviewed the presentence investigation report prepared for Judge Whyte prior to sentencing (ECF 326), the sentencing memorandum prepared by Shields' counsel (ECF 332), and the transcript of the sentencing hearing conducted by Judge Whyte (ECF 388). The Court finds no information in those documents which would warrant a recommendation by the Court regarding Shields' current placement. With respect to the new information provided by Shields in this and other papers filed in this matter, the Court has no better ability to assess the circumstances than the BOP. The Court concludes, as have other district courts, that "[t]he Bureau of Prisons has more recent information about [Defendant], knowledge of its own facilities and availability, and the institutional expertise to decide the best placement." *Medina*, 2017 WL 5505795, at *1. Moreover, the request for placement in a halfway house close to the Court is premature, as the Court has not set any hearings regarding Shields' § 2255 motion and may decide that the motion is appropriate for decision without oral argument.

4

**B. Furlough**

Requests (2) and (3) seek recommendations from this Court that Shields be granted furlough, that is, temporary release from custody. Inmate furloughs are governed by 18 U.S.C. § 3622 and BOP Program Statement 5280.09, which provide that furloughs may be granted in the discretion of the BOP. 18 U.S.C. § 3622; https://www.bop.gov/policy/progstat/5280_009.pdf (last accessed 6/6/2018). Nothing in either § 3622 or Program Statement 5280.09 indicate that a court's recommendation regarding furlough is appropriate. At least one court has held that such a recommendation is not appropriate and that the BOP has sole discretion whether to grant a furlough. *See United States v. Grass*, 561 F. Supp. 2d 535, 537 (E.D. Pa. 2008) ("[T]he regulations governing furlough . . . do not create an advisory role for the Court.").

Accordingly, the Emergency Motion for Judicial Recommendations is DENIED.

## IV. ORDER

IT IS HEREBY ORDERED:

(1) Shields' Motion to Clarify is DENIED; and

(2) Shields' Emergency Motion for Judicial Recommendations is DENIED.

Dated: June 7, 2018

_____
BETH LABSON FREEMAN
United States District Judge