**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　v.<br>MELVIN RUSSELL "RUSTY" SHIELDS,<br>　　　　Defendant. | Case No. 12-cr-00410-BLF-1<br><br>**ORDER (1) CLARIFYING SCOPE OF § 2255 MOTION; (2) DENYING DEFENDANT'S MOTIONS FILED JULY 16, 2018, AUGUST 7, 2018, AND AUGUST 10, 2018; AND (3) *SUA SPONTE* EXTENDING THE DEADLINE FOR DEFENDANT TO FILE REPLY IN SUPPORT OF § 2255 MOTION, OR MOTION FOR LEAVE TO AMEND § 2255 MOTION IN LIEU OF REPLY**<br><br>[Re: ECF 510, 511, 512] |

Defendant Melvin Russell "Rusty" Shields and his partners operated a real estate development business which lost millions of investors' dollars between 2007 and 2009. A jury convicted Shields on thirty-two counts arising out of those events, including conspiracy, wire fraud, bank fraud, securities fraud, and making false statements to a bank. He was sentenced to a 78-month term of imprisonment, a 5-year term of supervised release, a special assessment of $3,200, and a restitution payment in the amount of $7,222,905.03. Based on documents in the record, it appears that Shields' projected release date is September 28, 2020.

Shields appealed to the Ninth Circuit, which affirmed his conviction on December 21, 2016 in both a published opinion and an unpublished memorandum. *See United States v. Shields*, 844 F.3d 819 (9th Cir. 2016); *United States v. Shields*, 673 F. App'x 625 (9th Cir. 2016). Shields did not file a petition for writ of certiorari in the Supreme Court.

On July 14, 2017, Shields filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("§ 2255 Motion"). § 2255 Motion, ECF 462.

Although the § 2255 Motion was filed more than a year ago, briefing is not yet complete, and there appears to be some confusion among the parties as to the scope of the motion. That confusion may be in part because Shields has filed numerous motions and requests for substantive relief while the § 2255 Motion is being briefed. This order addresses the three most recent such motions filed by Shields and clarifies the scope of the pending § 2255 Motion.

## I. CLARIFICATION RE SCOPE OF § 2255 MOTION

### A. § 2255 Motion

On July 14, 2017, Shields filed his § 2255 Motion. § 2255 Motion, ECF 462. Shortly thereafter, on July 21, 2017, Shields filed an untitled document which was docketed as "Declaration of Melvin 'Russell' Shields in Support of Motion to Vacate under 28 U.S.C. 2255" ("Supporting Declaration"). Supporting Decl., ECF 465.

On July 25, 2017, the Court issued a briefing schedule on the § 2255 Motion, listing Shields' claims for relief as follows: "(1) actual and factual innocence; (2) ineffective assistance of trial counsel for failure to call or consult with experts in real estate, banking, and finance; (3) *Brady* and *Napue* violations; (4) ineffective assistance of trial counsel based on conflict of interest; and (5) due process violation based on trial counsel's refusal to permit Shields to attend a critical stage of the proceeding. Order Setting Briefing Schedule, ECF 466.

On January 22, 2018, Shields filed a Motion to Clarify and Supplement his pending § 2255 Motion. Motion to Clarify and Supplement, ECF 486. In that motion, Shields stated that he wished "to clarify and supplement the record pertaining to Mr. Shields' ineffective assistance of counsel claims (Ground 4) and Due Process violation claim (Ground 5)." *Id.* at 1. On January 25, 2018, the Court issued an Order Granting Defendant Shields' Motion to Clarify and Supplement. Order Granting Motion to Clarify and Supplement, ECF 487. In that order, the Court noted that Shields' claims were set forth in his § 2255 Motion (462) and Supplemental Declaration (ECF 465), and it granted Shields' request to "clarify that his claims for ineffective assistance of trial counsel are asserted only against Thomas P. Nolan, Jr. and not against Shira D. Kieval," and to "supplement the factual bases for his previously-asserted grounds for relief." *Id.*

Shields has not requested, and the Court has not granted, leave to amend the § 2255

2

1  Motion beyond the documents discussed above. Accordingly, Shields' pending § 2255 Motion
2  includes *only* the five claims listed above, as set forth *only* in the § 2255 Motion (ECF 462),
3  Supporting Declaration (ECF 465), and Motion to Clarify and Supplement (ECF 486).

### B. Government's Response to § 2255 Motion

In the original briefing schedule issued with respect to the § 2255 Motion, the Court directed the Government to file a response on or before September 22, 2017 and directed Shields to file any reply within 30 days after receiving the Government's response. Order Setting Briefing Schedule, ECF 466. The Court thereafter granted several requests by the Government to extend the response deadline, extending that deadline first to October 31, 2017, then to December 29, 2017, and then to February 28, 2018 so that the Government could seek discovery from Shields' trial counsel relevant to Shield' claims of ineffective assistance of counsel ("IAC"). *See* ECF 475, 478, 483. The Court subsequently granted additional requests by the Government to extend the response deadline to March 30, 2018 and finally to May 30, 2018, so that the Government could complete discovery regarding Shields' IAC claims and so that new Government counsel could become familiar with the case. *See* ECF 492, 495.

The Government timely filed its Response in Opposition to Defendant's Motion ("Response") on May 30, 2018. Response, ECF 497. The Response was served on Shields by mail on May 31, 2018. *See* COS, ECF 498. The Response addresses the five claims for relief set forth in Shields' § 2255 Motion and listed above. *See* Response, ECF 497.

### C. Reply

Pursuant to the Order Setting Briefing Schedule, Shields' reply was due 30 days after receiving the Government's Response. Because the Response was mailed to Shields on May 31, 2018, the Court expected Shields' reply to be filed on or about July 2, 2018.

Instead, on June 25, 2018, Shields filed a Motion to Grant Petitioner's 2255 and Order a New Trial. *See* ECF 502. Shields asked that the Court grant his § 2255 motion and order a new trial, or set an evidentiary hearing, or extend the time for reply by 60 days. *Id.*

On July 6, 2018, Shields filed a Motion to Amend Official Date of Receipt of the Government's Answer to Petitioner's 2255. *See* ECF 507. In that motion, Shields stated that he

3

had received the Government's Response to his § 2255 Motion (referred to by Shields as the Government's "answer") on June 8, 2018, but that the Response and other legal documents had not been returned to him following his transfer from USP Atlanta to FCI Ashland on June 21, 2018. Motion to Amend at 1-2, ECF 507. Shields requested that the official date of his receipt of the Government's Response to his § 2255 Motion be amended to whatever future date the Government's Response actually was returned to him along with his other legal files. *Id.* Shields' concern was that his time to file a reply might expire before he obtained access to the Government's Response and his legal files. *Id.*

The Court addressed both of those motions in an order issued July 20, 2018. Order Addressing Defendant's Motion to Grant § 2255 Motion, ECF 509. The Court denied Shields' request for a new trial or evidentiary hearing, but it granted Shields' request for an extension of his deadline for reply to and including August 31, 2018. *Id.* The Court found moot the Motion to Amend Official Date of Receipt, reasoning that the purpose of that motion was to ensure adequate time to file a reply, which concern was addressed by the extension of the reply deadline to August 31, 2018. *Id.*

Shields has not filed a reply, and the August 31, 2018 deadline for reply has nearly expired. Shields instead has filed three motions, addressed below.

**II.      MOTIONS FILED JULY 16, 2018, AUGUST 7, 2018, AND AUGUST 10, 2018**

Shields filed three motions between July 16, 2018 and August 10, 2018: (1) Motion to Strike the Government's Untimely Answer to Petitioner's § 2255 Motion ("Motion to Strike") (ECF 510); (2) Renewed Motion for an Evidentiary Hearing and a New Trial ("Renewed Motion") (ECF 511); and (3) Motion for a New Trial, to Vacate Convictions and Sentence and Immediately Release Petitioner pursuant to Federal Rule of Criminal Procedure 33 ("Rule 33 Motion") (ECF 512). At the Court's request, the Government filed a response to each of the motions on August 27, 2018. *See* ECF 514, 515, 516. On August 27, 2018, the Court also received a filing from Shields providing additional argument with respect to his Motion to Strike. *See* ECF 518. The Court has considered Shields' August 27, 2018 filing in addressing his Motion to Strike.

4

### A. Motion to Strike (ECF 510)

Shields asks the Court to strike the Government's Response to his § 2255 Motion as untimely, find the Government in default, and grant the § 2255 Motion based on that default and Shields' showing of actual innocence. *See* ECF 510. He does not dispute that the Government's Response was filed within the May 30, 2018 deadline set by the Court. Instead, Shields argues that several of the Government's requests for extension of the original response deadline were procedurally improper because they were filed pursuant to Civil Local Rule 7-11, governing Motions for Administrative Relief, rather than Civil Local Rule 6-3, governing Motions to Change Time. He asks the Court to retroactively deny those requests for extension and strike the Government's Response as untimely.

Courts in this district routinely address motions brought pursuant to Civil Local Rule 7-11 on the merits even where such motions technically should have been brought pursuant to Civil Local Rule 6-3 or other applicable rule. *See, e.g., Raymat Materials, Inc. v. A & C Catalysts, Inc.*, No. 13-cv-00567-WHA, 2014 WL 1647529, at *6 (N.D. Cal. Apr. 22, 2014); *Ho v. Ernst & Young LLP*, No. 05-cv-04867-JF, 2007 WL 2070216, at *1 (N.D. Cal. July 17, 2007). This Court in the exercise of its discretion determined that good cause warranted the extensions requested by the Government. That good cause included the Government's efforts to obtain discovery from Shields' former counsel, which was necessary for the Government to respond substantively to Shields' IAC claims, and new Government counsel's substitution into the case. Moreover, the Court notes that Shields requested and was granted leave to clarify and supplement his § 2255 Motion in January 2018. *See* ECF 486, 487. Thus his § 2255 Motion was not complete and the Government could not have responded fully until January 2018. The Government's only motion for enlargement of time filed after January 2018 properly was filed pursuant to Civil Local Rule 6-3. Consequently, Shields' motion to strike the Government's Response to his § 2255 Motion based on procedural defects in the Government's requests for extension is DENIED.

Shields suggests that the failure of prison staff to return his legal documents to him following his transfer from USP Atlanta to FCI Ashland is attributable to "malicious government interference." *See* ECF 510. Shields has presented no evidence showing that the United States

5

1    Attorney's Office, which is responsible for briefing Shields' § 2255 Motion, had any involvement
2    in the disappearance of Shields' legal documents during the Shields' transfer, which was within
3    the authority of the Bureau of Prisons ("BOP").

4    On August 27, 2018, Shields filed a document in support of his Motion to Strike. *See* ECF
5    518. In that document, Shields states that he was called into the mailroom on August 22, 2018,
6    and given a package containing the Government's May 30, 2018 Response to his § 2255 Motion.
7    Shields asserts that because the Government's May 30, 2018 Response was not delivered to him
8    until "August 22, 2018, almost three months late," the Court should strike the Response as
9    untimely and grant Shields' § 2255 Motion. Shields' current assertion that he did not receive the
10   Government's Response until August 22, 2018 is inconsistent with his earlier filing stating that he
11   received the Government's Response on June 8, 2018 but then lost it during the transfer to FCI
12   Ashland. *See* Motion to Amend Official Date of Receipt of the Government's Answer to
13   Petitioner's 2255, ECF 507. Setting that inconsistency aside, it appears that Shields did not have
14   meaningful access to the Government's Response to his § 2255 Motion until August 22, 2018.
15   Issues caused by the BOP's failure to provide Shields access to his legal files cannot be attributed
16   to the United States Attorneys' Office and does not provide a basis for striking the Government's
17   response to Shields' § 2255 Motion.

18   Accordingly, Shields' Motion to Strike is DENIED. However, because it appears that
19   Shields has not had meaningful access to the Government's Response to his § 2255 Motion until
20   recently, the Court *sua sponte* extends Shields' deadline to file a reply in support of his § 2255
21   Motion from August 31, 2018 to September 28, 2018.

**B.  Renewed Motion (ECF 511)**

In his Renewed Motion for an Evidentiary Hearing and a New Trial, Shields attempts to show his entitlement to an evidentiary hearing and a new trial based in part on 14 *new* claims grounded in facts not encompassed by his current § 2255 Motion. The Government identifies the new claims as follows: (1) Judge Whyte should have declared a mistrial at several points in the trial; (2) a mistrial was required; (3) Attorney Nolan was ineffective in not requesting a mistrial; (4) Attorney Nolan was ineffective in not following up on a juror's medications; (5) the jury was

denied additional time for deliberations; (6) the government caused Defendant mental and physical distress in interfering with his direct appeal; (7) Attorney Guzman may not have been effective counsel; (8) Judge Whyte should have dismissed a juror but instead coerced her to continue serving on the jury; (9) Judge Whyte erred in keeping a juror's out-of-court accident off the record; (10) Judge Whyte should have severed the trials of Sims and Shields; (11) Attorney Nolan was ineffective in failing to request the severance of Sims' and Shields' trials; (12) Attorney Nolan was ineffective in failing to object to the Court's denial of time for additional jury deliberations; (13) the jury erred in rushing their deliberations; and (14) Judge Whyte misled and confused the jury. *See* Gov't's Opposition to Renewed Motion at 3-4, ECF 515.

Shields' § 2255 Motion currently includes *only* the claims identified in Section I.A., above. Because the 14 new claims presented in Shields' Renewed Motion are not properly before the Court, they do not provide a basis for an evidentiary hearing on Shields' § 2255 Motion or any other relief at this time. If Shields wishes to file a motion for leave to amend his § 2255 Motion to include these new claims, he may do so on or before September 28, 2018, in lieu of filing a reply in support of his § 2255 Motion.

Shields is advised that seeking leave to amend would substantially delay resolution of his § 2255 Motion, as the Government would need time to respond to any motion for leave to amend and the Court would have to evaluate such motion and issue a written decision. Shields should consider the arguments raised by the Government regarding the timeliness of his new claims, and the possibility that they may not relate back to his current claims, in deciding whether to file a motion for leave to amend his § 2255 Motion. *See* Gov't's Opposition to Renewed Motion, ECF 515. Moreover, if the Court were to grant leave to amend, the Court would require Shields to file a single document, titled "Amended § 2255 Motion," encompassing *all* of the claims for relief permitted by the Court. Such "Amended § 2255 Motion" would supersede and replace his original § 2255 Motion and supporting documents. The Court would order entirely new briefing on any "Amended § 2255 Motion," which briefing would supersede and replace the briefing on the § 2255 Motion received to date. In other words, the clock would restart on briefing any "Amended § 2255 Motion."

7

To the extent Shields' Renewed Motion is based on claims currently asserted in his § 2255 Motion, the Court will determine whether an evidentiary hearing or other relief is warranted *after* any motion for leave to amend the § 2255 Motion is decided and after the § 2255 Motion is fully briefed. Only at that point will the Court be in a position to apply the legal standards applicable to determining whether an evidentiary hearing is required, as set forth in the Court's prior Order Addressing Defendant's Motion To Grant § 2255 Motion and Order a New Trial, ECF 509. Shields may file a renewed motion for evidentiary hearing at the same time that he files his reply in support of his § 2255 Motion or in support of any "Amended § 2255 Motion" which may be permitted by the Court.

### C. Rule 33 Motion (ECF 512)

In his Rule 33 Motion, Shields asks this Court to grant him a new trial under Federal Rules of Criminal Procedure 33 and 45(b).

Rule 33 provides that, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty," while a motion "grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b). Shields' Rule 33 motion was filed on August 8, 2018, more than 3 years after the jury verdict entered on December 23, 2013, and therefore it is untimely. *See* Jury Verdict, ECF 266; Motion for a New Trial, ECF 512.

Under Rule 45(b), the Court may extend the Rule 33 deadline upon motion of a party under the following circumstances: if the motion is made "before the originally prescribed or previously extended time expires," the Court may extend the time upon a showing of good cause; if the motion is made after the originally prescribed or previously extended time expires, the Court may extend the time "if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b). The excusable neglect standard applies here because Shields filed his Rule 33 motion after expiration of the deadline for that motion. Shields does not attempt to show excusable neglect, instead arguing that he is entitled to a new trial based on a recent Ninth Circuit decision, *United*

8

*States v. Spanier*, No. 17-50128, 2018 WL 3615894 (9th Cir. July 30, 2018). His Rule 33 Motion therefore is time-barred.

Shields relies on the underlying district court decision in *Spanier* to show that his Rule 33 Motion is timely. *See United States v. Spanier*, No. 16-cr-1545-BEN, 2017 WL 1336998 (S.D. Cal. Apr. 7, 2017), *rev'd*, No. 17-50128, 2018 WL 3615894 (9th Cir. July 30, 2018). In *Spanier*, the district court noted that the defendant's Rule 33 motion was timely even though it was filed outside the 14-day period provided in Rule 33, because the time for filing post-trial motions had been extended pursuant to Rule 45(b). *Spanier*, 2017 WL 1336998, at *1 n.3. On November 21, 2016, the date the defendant in *Spanier* was found guilty by the jury, the district court extended the time for filing post-trial motions to January 5, 2017. *See Spanier* Docket, Exh. 1 to Gov't's Opposition to Rule 33 Motion, ECF 516. No such order extending the time to file a Rule 33 was entered in Shields' case. Thus the basis for the timeliness determination in *Spanier* does not exist in the present case.

Even if the Court were to consider Shields' Rule 33 motion on the merits, his reliance on the Ninth Circuit's decision in *Spanier* is misplaced. Shields argues that *Spanier* announced a new rule of law contrary to that applied in the appellate decision in his case, *United States v. Shields*, 844 F.3d 819 (9th Cir. 2016). Shields is mistaken. Both Shields and the defendant in *Spanier* were convicted of fraud on an omissions theory, and in both cases the Ninth Circuit found that the district court had erred in failing to instruct that non-disclosure can support a fraud charge only when the defendant has a duty to disclose the omitted information. *See Shields*, 844 F.3d at 823; *Spanier*, 2018 WL 3615894, at *1. The appellate decision in *Spanier* cites to and relies on the appellate decision in *Shields* with respect to the duty to disclose. *See Spanier*, 2018 WL 3615894, at *1 (citing *Shields*, 844 F.3d at 822-23).

The two appeals resulted in different outcomes based on the Ninth Circuit's determinations regarding the effect of the instructional error. In Shields' case, the Ninth Circuit found that the instructional error "was not reversible plain error." *Shields*, 844 F.3d at 824. The Ninth Circuit elaborated that, "The error was not 'clear and obvious' because it was not clearly required by our precedent, and the error most likely did not affect the outcome of the proceedings." *Id.* In

9

1  contrast, the Ninth Circuit stated in *Spanier* that it was "not convinced that the instructional error
2  was harmless beyond a reasonable doubt," and thus that "the district court committed reversible
3  error by not giving the omission instruction." *Spanier*, 2018 WL 3615894, at *1. The fact that the
4  Ninth Circuit found the instructional error warranted reversal in *Spanier* but not in *Shields* does
5  render *Spanier* "contrary to" *Shields* and does not support Shields' motion for a new trial under
6  Rule 33.

Shields' Rule 33 motion is DENIED.

### III. ORDER

(1) The Court CLARIFIES that Shields' § 2255 Motion includes *only* the following claims, as set forth in the § 2255 Motion (ECF 462), Supporting Declaration (ECF 465), and Motion to Clarify and Supplement (ECF 486): (1) actual and factual innocence; (2) ineffective assistance of trial counsel for failure to call or consult with experts in real estate, banking, and finance; (3) *Brady* and *Napue* violations; (4) ineffective assistance of trial counsel based on conflict of interest; and (5) due process violation based on trial counsel's refusal to permit Shields to attend a critical stage of the process.

(2) The Court *sua sponte* EXTENDS Shields' deadline to file a reply in support of his § 2255 Motion from August 31, 2018 to September 28, 2018.

(3) In lieu of filing a reply, Shields MAY file a motion to amend his § 2255 Motion on or before September 28, 2018.

(4) The Court DENIES Shields' Motion to Strike the Government's Untimely Answer to Petitioner's § 2255 Motion (ECF 510), Renewed Motion for an Evidentiary Hearing and a New Trial (ECF 511), and Motion for a New Trial, to Vacate Convictions and Sentence and Immediately Release Petitioner pursuant to Federal Rule of Criminal Procedure 33 (ECF 512).

Dated: August 30, 2018

BETH LABSON FREEMAN
United States District Judge

10