United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. MELVIN RUSSELL "RUSTY" SHIELDS, Defendant. | Case No. 12-cr-00410-BLF-1 ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE/COMPASSIONATE RELEASE [Re: ECF 535] |

Defendant Melvin Russell "Rusty" Shields seeks a reduction in sentence/compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) so that he may care for his minor daughter, L.S., who suffers from epilepsy. The motion is DENIED for the reasons discussed below.

**I.     BACKGROUND**

A jury convicted Shields of thirty-two counts, including conspiracy, wire fraud, bank fraud, and related crimes arising out of his operation of a real estate development business. *United States v. Shields*, 844 F.3d 819, 821 (9th Cir. 2016). Investors in the business lost millions of dollars between 2007 and 2009. *Id.* Shields was sentenced to a 78-month term of imprisonment, a 5-year term of supervised release, a special assessment of $3,200, and a restitution payment in the amount of $7,222,905.03. Judgment, ECF 350. The Ninth Circuit Court of Appeals affirmed his conviction in both a published opinion and an unpublished memorandum. *See United States v. Shields*, 844 F.3d 819; *United States v. Shields*, 673 F. App'x 625 (9th Cir. 2016). Shields did not file a petition for writ of certiorari in the Supreme Court. Based on documents in the record, it appears that Shields' projected release date is September 28, 2020. *See* Am'd Motion Exh. D, ECF 535-1.

Shields has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion"), which is pending before this Court and will be addressed in a separate order. § 2255 Motion, ECF 462. Prior to completion of briefing on the § 2255 motion, Shields filed multiple requests for immediate release and/or permission to serve the remainder of his prison sentence on home confinement, asserting that he is needed at home to care for his epileptic daughter, L.S. With respect to those aspects of Shields' requests that could be construed as a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court held that the statute provided for the filing of such a motion only by the Director of the Bureau of Prisons ("BOP") and not by an inmate. Order Denying Motion at 3, ECF 500. With respect to those aspects of Shields' requests that could be construed as a motion for a recommendation to place Shields on home confinement or in a halfway house, the Court concluded that the BOP had more recent information about Shields and the institutional expertise to decide the best placement for him. *Id*. at 4.

Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to provide that a motion for reduction in sentence may be filed by either the Director of the BOP *or* a defendant. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (effective December 21, 2018). "Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release, and that very rarely happened." *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). Section 603(b) of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Following the amendment to § 3582(c)(1)(A), Shields filed a renewed motion for reduction in sentence. He initially filed his motion *pro se*, and the Court requested and received a response from the Government. Pro Se Motion, ECF 526; Gov't Response, ECF 528. However, CJA

counsel thereafter was appointed to represent Shields for the purpose of litigating the motion for reduction in sentence/compassionate release. Order Appointing CJA Counsel, ECF 533. Following counsel's appointment, the Court set the following briefing schedule:

> Appointed counsel shall file an amended Motion for Reduction in Sentence/ Compassionate Release on or before May 24, 2019. The amended motion shall terminate and replace the pro se motion filed by Defendant Shields. The Government shall file a response to the amended motion within seven days after it is filed. Upon completion of briefing, the Motion for Reduction in Sentence/ Compassionate Release will be submitted without oral argument.

Order Setting Deadlines, ECF 534. Shields' counsel filed an Amended Motion for Reduction in Sentence/Compassionate Release on May 21, 2019. Am'd Motion, ECF 535. The motion requests that Shields' sentence be reduced to provide for his immediate release from prison so that he may care for his fourteen-year-old daughter, L.S., who suffers from epilepsy. *Id*. Shields states that doctors have advised that L.S. should not be left unsupervised, and that Shields' wife is unable to provide adequate supervision because she works full-time. *Id*. Counsel indicated that because the deadline to file the amended motion followed so closely on the heels of his appointment, he was unable to obtain updated documentation regarding L.S.'s medical condition. Am'd Motion at 7, ECF 535. Counsel requested that if the lack of such documentation would cause denial of relief, counsel be granted leave to consult with L.S.'s doctors to obtain current reports. *Id.*

On May 28, 2019, the Court issued an Order Allowing Request for Further Extension of Time, advising Shields' counsel that the Court would entertain a request for a reasonable extension of time to supplement the record. Order Allowing Request, ECF 536. On May 30, 2019, Shields' counsel filed a response stating that no extension of time was requested. Response to Court's Order, ECF 537. Counsel stated that because L.S. will begin her summer vacation from school at the end of the week of June 3, 2019, Shields wishes to obtain a ruling on his request for reduction in sentence/compassionate release as soon as possible. *Id*. Shields' counsel also noted that the Government had not filed opposition Shields' amended motion under § 3582(c)(1)(A). *Id.*

The Government filed a Notice of Opposition on May 30, 2019, stating that it had calendared May 31, 2019 as its deadline for response to Shields' Amended Motion for Reduction

in Sentence/Compassionate Release, which was seven days after Shields' May 24, 2019 deadline to file an amended motion. Notice of Opposition ECF 538. The Government erroneously failed to adjust its calendared deadline when Shields filed his Amended Motion on May 21, 2019, three days prior to the May 24, 2019 deadline. *Id.* The Government filed opposition to Shield's amended motion on May 31, 2019. The Court accepts the Government's explanation for the late filing and has considered the opposition filed May 31, 2019.

## II. DISCUSSION

As amended, 18 U.S.C. § 3582(c)(1)(A) provides in relevant part as follows:

> **(c) Modification of an imposed term of imprisonment.** --The court may not modify a term of imprisonment once it has been imposed except that --
>
> (1) in any case --
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that --
>
> (i) *extraordinary and compelling reasons warrant such a reduction*; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> *and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .*

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Shields asserts that he has exhausted his administrative rights to appeal the failure of the BOP to bring a motion for reduction in sentence on his behalf, and the Government does not dispute that assertion. Accordingly, Shields' motion may be considered by the Court.

Shields seeks relief under § 3582(c)(1)(A)(i), which as noted above authorizes the Court to grant a reduction in sentence if it finds that "extraordinary and compelling reasons warrant such a

4

reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission may limit the application of its Guidelines amendments through its applicable policy statements. *Koons v. United States*, 138 S. Ct. 1783, 1790 (2018). The policy statement implicated here is set forth in United States Sentencing Guidelines § 1B1.13, titled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)." U.S.S.G. § 1B1.13. Application Note 1 to the policy statement defines "extraordinary and compelling reasons" to include: "(A) Medical Condition of the Defendant"; "(B) Age of the Defendant"; "(C) Family Circumstances"; and "(D) Other Reasons." U.S.S.G. § 1B.1.13, Application Note 1. Shields does not assert that he has a medical condition that would meet the requirements of category (A) or that his age qualifies him for consideration under category (B). Category (C), titled "Family Circumstances," applies only in the event of "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children," or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, Application Note 1. Shields does not assert that his wife, who is identified as L.S.'s caregiver, is dead or incapacitated. Accordingly, the only category of "extraordinary and compelling reasons" which potentially could apply is the catchall category, "(D) Other Reasons."

Category (D) is defined to encompass the following circumstances: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, Application Note 1. Shields does not contend that the Director of the BOP has determined that an extraordinary or compelling reason for a reduction in sentence exists in his case. Accordingly, it does not appear that Shields is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as limited by U.S.S.G. § 1B1.13.

Shields argues that the language of U.S.S.G. § 1B1.13 is outdated, because it was drafted when a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) could be brought *only* by the Director of the BOP and it has not been updated to reflect the First Step Act's amendment to § 3582(c)(1)(A) to permit a motion for reduction in sentence to be filed by an inmate. Shields

5

urges the Court to disregard the language restricting the catchall category, "(D) Other Reasons," to those circumstances in which the Director of the BOP has found an extraordinary or compelling reason for a reduction in sentence to exist, and he asks the Court to make an independent determination whether extraordinary or compelling reasons exist in his case. Shields has not cited, and the Court has not discovered, any authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments. To the contrary, at least one district court has rejected a defendant's argument that "the Court should disregard § 1B1.13 because it has not yet been amended pursuant to the First Step Act." *United States v. Overcash*, No. 3:15-CR-263-FDW-1, 2019 WL 1472104, at *2 (W.D.N.C. Apr. 3, 2019).

Even if the Court were to conclude that it has authority to disregard the Sentencing Commission's guidance, and decide in the first instance whether Shields has established the existence of extraordinary or compelling reasons warranting a reduction in sentence, the Court would not decide that issue in Shields' favor. The Court does not question Shields' assertion that his daughter suffers from a serious medical condition. Shields submits evidence that: L.S. suffers from epilepsy which causes her to have seizures; L.S.'s doctors have advised that L.S. should not be left unsupervised; Chastan Shields – L.S.'s mother and Shields' wife – works full-time and therefore is unable to provide the recommended supervision of L.S.; and Chastan's two adult children also work full-time and therefore are unable to provide the recommended supervision of L.S. *See* Am'd Motion Exhs. A-C, ECF 535-1.

The Government has asserted that the medical evidence regarding L.S.'s condition is stale, but Shields has presented updated doctors' notes dated January 2019 and February 2019. *See* Am'd Motion Exhs. A-B, ECF 535-1. The Government also has argued that Shields' motion for relief is undermined by the fact that L.S.'s condition was known to the sentencing judge when Shields' term of imprisonment was imposed. This argument is unpersuasive, because Application Note 2 to U.S.S.G. § 1B1.13 states that "the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." U.S.S.G. § 1B1.13, Application Note

2. Finally, the Government has suggested that L.S.'s condition may not be as severe as portrayed by Shields, pointing to evidence that L.S. was able to participate in activities such as cheerleading during the past year. *See* Gov't Exh. 1 (filed under seal), ECF 532. However, the Government has not presented any evidence or authority showing that L.S.'s ability to participate in cheerleading conflicts with her diagnosis of a serious seizure disorder. Chastan Shields has submitted a letter explaining that she allowed L.S. to try out for cheerleading in order to help her feel "normal," and that it was very difficult to persuade the school to allow it given L.S.'s diagnosis. *See* Am'd Motion Exh. C, ECF 535-1. Accordingly, the Court fully credits Shields' evidence regarding L.S.'s condition and home circumstances.

However, as the Government points out, if this Court were to conclude that L.S.'s circumstances warrant a reduction in Shields' term of imprisonment, the same could be said of *any* inmate who has young children and a spouse who must work. Absent some guidance from the Sentencing Commission or case law holding that such circumstances rise to the level of "extraordinary or compelling," this Court cannot conclude that Shields has established grounds for a reduction in his sentence.

Shields argues that rather than reducing his sentence, the Court may order that the remainder of his sentence be served on home confinement with electronic monitoring. "[T]he Bureau of Prisons, not this Court, must determine if [Shields] should serve the remainder of [his] sentence in home confinement." *United States v. Parish*, No. CR 14-166, 2016 WL 7441142, at *1 (E.D. La. Dec. 27, 2016). The authority to determine Shields' placement for the remainder of his sentence is vested solely within the discretion of the BOP. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."); 18 U.S.C. § 3624(c)(2) (granting the BOP discretion to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months" in order to ease the prisoner's reentry into the community).

For the foregoing reasons, Shields has failed to establish entitlement to the relief he requests.

### III. ORDER

Shield's Amended Motion for Reduction in Sentence/Compassionate Release DENIED.

Dated: June 4, 2019

_____
BETH LABSON FREEMAN
United States District Judge