**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>MELVIN RUSSELL "RUSTY" SHIELDS,<br>　　　　Defendant. | Case No. 12-cr-00410-BLF-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT'S ORDER OF JUNE 4, 2019<br><br>[Re: ECF 541] |

Defendant Melvin Russell "Rusty" Shields has filed a motion for reconsideration of this Court's Order Denying Defendant's Motion for Reduction in Sentence/Compassionate Release, which was filed on June 4, 2019 ("June 4 Order"). *See* Mot. for Recon., ECF 541. The Government has filed an opposition. *See* Opp., ECF 542.

In the June 4 Order, the Court addressed Shields' request that he be granted a reduction in sentence/compassionate release so that he may care for his minor daughter, who suffers from epilepsy. June 4 Order at 4, ECF 540. The request was made pursuant to the "extraordinary and compelling reasons" provision of 18 U.S.C. § 3582(c)(1)(A), which permits a district court to reduce an imposed term of imprisonment upon a finding that "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement, U.S.S.G. § 1B1.13, offers guidance in its application notes as to what circumstances constitute extraordinary and compelling reasons. *See* U.S.S.G. § 1B1.13 & Application Note 1. The Court concluded that Shields does not qualify for the relief sought under the statute as interpreted by the policy statement its application notes.

Shields seeks reconsideration on three grounds. Before addressing those grounds on the merits, the Court articulates the legal standards which apply. The Criminal Local Rules do not directly address motions for reconsideration. However, as noted by the Government, Criminal Local Rule 2-1 indicates that the Civil Local Rules shall apply in criminal cases except where they conflict with a provision of law specifically applicable to criminal cases. Accordingly, it is the Court's view that Civil Local Rule 7-9, governing motions for reconsideration in civil cases, provides the applicable standard, as Rule 7-9 does not conflict with any provision of law specifically applicable to criminal cases. Under Rule 7-9, reconsideration may be sought based on (1) a material difference in fact or law from that presented to the Court; (2) new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b). A motion for reconsideration may not repeat arguments presented to and rejected by the Court in the briefing on the underlying motion which is the subject of the request for reconsideration. Civ. L.R. 7-9(c).

The Government argues that Shields' motion should be denied on procedural grounds, because he did not seek prior leave of the Court to file it, as is required under Rule 7-9. The Court declines to deny the motion for failure to seek prior leave. It is not apparent from the face of the Criminal Local Rules what legal standard applies, so Shields' counsel may not have considered that prior leave might be required.

The Government also cites to the law of the case doctrine as an alternate potential legal standard. "Under the 'law of the case' doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation marks and citation omitted). "The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion." *Id*. "A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *Id*. The guidance offered by the law of the case doctrine is consistent with this Court's Civil Local Rule 7-9, which the Court applies in evaluating Shields'

2

motion for reconsideration, as follows.

*First*, Shields asserts that the Court erred in failing to recognize that certain language in U.S.S.G. § 1B1.13 Application Note 1(D) is outdated and should be disregarded as surplusage. Application Note 1(A)-(D) enumerate the circumstances that would constitute "extraordinary and compelling reasons" warranting a sentence reduction. *See* U.S.S.G. § 1B1.13, Application Note 1. The circumstances upon which Shields' request was based do not fall within subsections (A), (B), or (C) (and Shields does not argue otherwise). Thus, the only potential basis for relief was subsection (D). Subsection (D) encompasses the following circumstances: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, Application Note 1. Because the Director of the Bureau of Prisons ("BOP") has not determined that extraordinary and compelling reasons exist in Shields' case, the Court determined that Shields does not qualify for relief under subsection (D).

Shields argues that the Court should have disregarded the reference to the Director of the BOP in subsection (D) as outdated. As Shields points out, the application note was drafted when a motion for reduction in sentence could be filed only by the Director, and it has not been revised following the recent amendment to § 3582(c)(1)(A) by the First Step Act, under which such a motion may be filed by an inmate. The Court addressed that issue in its June 4 Order, stating that it had not discovered any legal authority granting a district court discretion to disregard guidance provided by the sentencing commission based on the court's opinion that such guidance has not kept pace with statutory amendments. *See* June 4 Order at 6. Shields correctly points out that the case cited by the Court, *United States v. Overcash*, No. 3:15-CR-263-FDW-1, 2019 WL 1472104 (W.D.N.C. Apr. 3, 2019), did not address subsection (D), which is at issue here, and that the *Overcash* court made an independent determination that no extraordinary or compelling reasons for relief existed. Because this Court also made an independent determination that Shields has not established the existence of extraordinary or compelling reasons as an alternate basis for its ruling, the Court concludes that Shields would not be entitled to relief even if he were to persuade the Court that the language at issue in the application notes to § 1B1.13 should be disregarded.

3

*Second*, Shields challenges the Court's determination that he has not established the requisite extraordinary or compelling reasons for relief. He does not argue the existence of a material difference in fact or law from that presented to the Court or new material facts or a change of law. He simply reiterates that his daughter has a serious medical condition and needs supervision. He also attempts to distinguish his situation from that of other inmates who have children and working spouses by stating that his daughter cannot be dropped off at day care or left in the care of a thirteen-year-old baby sitter. To the extent these arguments are intended to suggest a manifest failure to consider material facts presented in Shields' motion for reduction in sentence/compassionate release, the arguments are not well-taken. The Court expressly credited all of Shields' evidence regarding his daughter's serious medical condition. The Court nonetheless determined that his daughter's circumstances do not rise to the level of extraordinary or compelling.

*Third*, Shields takes issue with the Court's conclusion that it lacks jurisdiction to order that the remainder of his sentence be served on home confinement. Shields argues that the Court could order a reduction in sentence and add a condition of supervised release requiring him to submit to home confinement until September 28, 2020, the expected end of his term of imprisonment. Assuming that it has discretion to make such an order, the Court declines to exercise its discretion to order the relief requested. Shields has not demonstrated that such relief is warranted in this case.

Accordingly, Shields' motion for reconsideration is DENIED.

Dated: June 27, 2019

_____
BETH LABSON FREEMAN
United States District Judge

4